UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANA ISEMINGER, | No. 1:15-CV-03088-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No. 15, 18.  Attorney D. James Tree represents Diana Iseminger (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB)[1] on

_____

[1]The record also contains an Application for Supplemental Security Income (SSI) Benefits filed on the same date as the DIB application.  Tr. 139-144.  The

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

November 16, 2011, alleging disability since April 5, 2011, due to spinal disorders, chronic pain, herniated disc, multi-sited pain, left hip bursitis, fibromyalgia, irritable bowel syndrome (IBS), chronic fatigue syndrome, S1 joint dysfunction, and piriformis syndrome.  Tr. 145-151, 192.  The application was denied initially and upon reconsideration.  Tr. 90-96, 98-102.  Administrative Law Judge (ALJ) Gordon W. Griggs held a hearing on April 15, 2013.  Tr. 32-66.  At this hearing, Plaintiff, represented by counsel, and vocational expert, Trevor Duncan, testified.  *Id*.  The ALJ issued an unfavorable decision on October 23, 2013.  Tr. 11-26.  The Appeals Council denied review on April 1, 2015.  Tr. 1-6.  The ALJ's October 23, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on May 29, 2015.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 50 years old at the alleged date of onset.  Tr. 145.  Plaintiff completed two years of college in 1994.  Tr. 193.  Plaintiff has worked as a medical receptionist and a medical transcriptionist.  Tr. 194.  Plaintiff reported she stopped working on April 5, 2011, because of her condition.  Tr. 192.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in

---

record contains no reference to this application being approved or denied.  Neither Plaintiff's Complaint nor Plaintiff's Motion for Summary Judgment asserts that a SSI claim is pending.  ECF No. 3, 15.  Nonetheless, the Court's jurisdiction is limited to the DIB claim as that is the only claim in which the record demonstrates that Plaintiff has exhausted her administrative remedies.  42 U.S.C. § 405(g).

medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to

other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 23, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 5, 2011, the alleged date of onset. Tr. 13.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disk disease of the lumbar spine, left hip bursitis, obesity, chronic pain syndrome, depressive disorder not otherwise specified, marijuana abuse, and prescribed opiate dependence. Tr. 13.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 15.

At step four, the ALJ assessed Plaintiff's residual function capacity as follows:

> I find that the claimant has the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently; to stand and/or walk two hours in an eight-hour workday; and to sit for at least six hours in this same period. She can never climb ladders, rope, or scaffolding. She can occasionally stoop and climb ramps or stairs. She should avoid concentrated exposure to vibration, extreme cold, and workplace hazards (such as proximity to unprotected heights and moving machinery). Due to the effects of her pain symptoms, her substance use, and her other psychological impairments, the claimant is limited to performing tasks that can be learned in six months or less.

Tr. 17. The ALJ found that Plaintiff's past relevant work included the occupations of medical receptionist and medical transcriptionist. Tr. 24. The ALJ found that Plaintiff was able to perform her past relevant work as a medical receptionist. Tr. Tr. 24-25.

In the alternative to a step four determination, the ALJ made a step five determination. Tr. 25. Considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, the ALJ found that Plaintiff acquired skills as a medical transcriptionist that could transfer to work as a data entry clerk. *Id.* Thus, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from April 5, 2011, the alleged date of onset, through October 23, 2013, the date of the ALJ's decision. Tr. 26.

### ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's testimony about the severity of her symptoms; (2) failing to find Plaintiff's fibromyalgia and piriformis syndrome severe at step two; (3) failing to accord proper weight to the opinions of Ronald Vincent, M.D., Paul Schneider, Ph.D., Michelle Beardemphl, MPT, and Robert Kelley, D.C.; (4) failing to properly determine Plaintiff's past relevant work; and (5) failing to properly consider transferable skills at step five.

### DISCUSSION

**A.    Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 15 at 8-19.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff not fully credible concerning the intensity, persistence, and limiting effects of her symptoms. Tr. 18. The ALJ reasoned that Plaintiff was less than credible because (1) her symptom reporting was contrary to the medical evidence; (2) she made inconsistent statements regarding her use of controlled substances; and (3) her alleged symptoms were inconsistent with her reported daily activities.

### 1.    Contrary to the objective medical evidence

The ALJ's first reason for finding Plaintiff less than credible, that Plaintiff's symptoms were not supported by objective medical evidence, is a specific, clear, and convincing reason to undermine Plaintiff's credibility.

Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In his decision, the ALJ found Plaintiff's back impairment appeared to have been unchanged and possibly improved since her period of gainful employment. Tr. 18. This was inconsistent with her testimony that the impairment interfered with her abilities to sit, stand, or work. *Id*. The ALJ supported his determination by comparing Plaintiff's 2007 MRI of the lumbar spine to her 2011 MRI of the lumbar spine. *Id*. The 2007 MRI showed a mild facet arthropathy at L3-4, L4-5, and L5-S1, and a small right post lateral disc bulge and annular tear at L5-S1. Tr. 511. The 2011 MRI showed no significant stenosis or herniation at L3-4, arthritic changes at L4-5 and L5-S1 and a small central disc protrusion at L5-S1. Tr. 510. Plaintiff argues that the 2011 MRI demonstrates a worsening of the back impairment. ECF No. 15 at 11. The ALJ found it showed an improvement in the

impairment. Tr. 18. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Here, the evidence demonstrates some improvement at least at the L3-4 level of the spine. Therefore, the Court will not disturb the ALJ's determination that the two MRIs show an improvement in Plaintiff's back impairment.

Plaintiff challenges the ALJ's finding that her reports were not supported by the objective medical evidence by citing to evidence throughout the record that could support Plaintiff's reports of both physical and psychological symptoms. ECF No. 15 at 13-15. But, the ALJ also supported his determination with multiple citations to the record supporting his conclusion that Plaintiff's symptom reports were not supported by medical evidence. Tr. 18-21. Again, if the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Here, both Plaintiff and the ALJ have provided evidence in support of the conflicting assertions. Therefore, the Court will not disturb the ALJ's credibility determination.

The ALJ determined that Plaintiff's pain symptoms were unchanged since 2007; therefore, Plaintiff's ability to work from 2007 to 2011 undermined her credibility regarding an inability to work from April 2011 to the date of the hearing. Tr. 19. An impairment that existed for a long period of time and did not prevent work in the past, should not prevent present or future work without objective evidence of the impairment severity worsening. *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988).

Plaintiff asserts that her symptoms were supported by a diagnosis of fibromyalgia, which was erroneously found to not qualify as a medically determinable impairment. ECF No. 15 at 9. As discussed below, the ALJ's finding that fibromyalgia was not a medical determinable impairment is supported by substantial evidence and is free of error. Therefore, Plaintiff's argument is

without merit.

Plaintiff also asserts that her symptoms were supported by the diagnosis of piriformis syndrome, which was ignored by the ALJ.  ECF No. 15 at 11-12.  As discussed below, the ALJ's decision to not address Plaintiff's alleged piriformis syndrome was not an error.  Therefore, Plaintiff's argument is without merit.

## 2.    Substance Use

Plaintiff challenges the ALJ's reliance on Plaintiff's use of narcotics in finding her less than fully credible.  ECF No. 15 at 15.

An ALJ may properly consider evidence of a claimant's substance use in assessing credibility.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding).

The ALJ found that Plaintiff made inconsistent reports regarding the use of controlled substances.  Tr. 19-20.  Plaintiff argues that her use of narcotics should not be considered in her credibility determination because the narcotic medications were prescribed.  ECF No. 15 at 15.  But, the ALJ is allowed to consider ordinary techniques of credibility evaluation, such has prior inconsistent statements.  *Smolen*, 80 F.3d at 1284.  Therefore, the ALJ's reliance on Plaintiff's inconsistent statements regarding narcotic use is an acceptable means of determining credibility regardless of the fact that the narcotics were prescribed.

## 3.    Activities of Daily Living

Plaintiff challenges the ALJ's finding that her activities cast doubt on her alleged limitations.  ECF No. 15 at 17-18.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of [her] day engaged in pursuits involving performance

of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Additionally, the ALJ found that Plaintiff's "sewing, driving, exercise activates, [sic] and other general daily activities are inconsistent with her hearing testimony that her pain symptoms and concentration issues prevent her from returning to work at a sedentary exertional capacity." Tr. 22.

First, Plaintiff argues that several of the activities listed by the ALJ were those that Plaintiff used to perform, and there is no evidence that she was able to or actually performed these activities since the date of onset. ECF No. 15 at 17. Specifically, Plaintiff alleges that she used to enjoy riding a bicycle and gardening, but there was no evidence in the record that she performed these activities during the relevant time period. *Id*. But, Plaintiff reported to Dr. Schneider in 2012 that she was "staying busy with a garden that she probably overdid." Tr. 537. Therefore, Plaintiff's assertion that there is no evidence she was performing the gardening is without merit. As for the biking, Plaintiff asserts that her response was to Dr. Gade's inquiry on what she used to enjoy doing. ECF No. 15 at 17, citing Tr. 276, 483. But, Dr. Gade's record lists hobbies in the present tense. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. The Court will not disturb the ALJ's determination. Therefore, the ALJ did not error in his finding that Plaintiff performed the activities of gardening and biking since the alleged date of onset.

Second, Plaintiff argues that the activities described by the ALJ are not

transferable to a work setting.  ECF No. 15 at 17-18.  The ALJ did not determine that Plaintiff's activities were transferable to a work setting, instead he found them to be inconsistent with Plaintiff's hearing testimony that her pain and concentration difficulties prevented her from returning to sedentary work.  Tr. 22. But, the ALJ failed to specifically address how Plaintiff's performance of household chores was inconsistent with specific statements made in her testimony. The Ninth Circuit has held that "general findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Therefore, the ALJ did error in his finding that the ability to perform household chores was inconsistent with Plaintiff's reported pain and concentration testimony. But this error is harmless because the ALJ provided another legally sufficient reason to reject Plaintiff's credibility.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

The ALJ supported his unfavorable credibility determination with clear and convincing reasons.  Therefore, the Court will not disturb his findings.

**B.   Step Two Determination**

Plaintiff argues that the ALJ erred by finding that her fibromyalgia was not a medically determinable impairment at step two and by not considering Plaintiff's alleged piriformis syndrome at step two.  ECF No. 15 at 8, 11-12.

At step two, the ALJ considers the medical severity of a claimant's impairments, "[i]f you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled." 20 C.F.R. § 404.1520(a)(4)(ii).  Only an acceptable medical source can provide evidence to establish a medically determinable impairment.  20 C.F.R. § 404.1513(a).  An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." 20 C.F.R. § 404.1508.

### 1.    Fibromyalgia

Social Security Ruling 12-2p[2] designates two separate sets of diagnostic criteria that can establish fibromyalgia as a medically determinable impairment. The first set of criteria is the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia and requires (1) a history of widespread pain, (2) at least eleven out of eighteen positive tender points on physical examination, and (3) evidence that other disorders that could cause the symptoms or signs were excluded.  S.S.R. 12-2p.  The second set of criteria is the 2010 American College of Rheumatology Preliminary Diagnostic Criteria and requires (1) a history of widespread pain, (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, and (3) evidence that other disorders

---

[2]Although they do not carry the force of law, Social Security Rulings are "binding on all components of the Social Security Administration." 20 C.F.R. §§ 402.35(b)(1) and (2).  Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." *Molina v. Astrue*, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (citations and internal quotation marks omitted).

that could cause these reported manifestations of symptoms, signs, or co-occurring conditions were excluded. *Id*.

The ALJ found that Plaintiff's alleged fibromyalgia was not a medically determinable impairment. Tr. 14. He determined that while Plaintiff had reported a diagnosis of fibromyalgia since 2007, the record lacked any tender point testing and her medical records failed to rule out other disorders. *Id*. Therefore, the ALJ concluded that Plaintiff's reports of fibromyalgia did not meet either criteria set forth in S.S.R. 12-2p. *Id*.

Plaintiff alleges that the record contains multiple diagnoses of fibromyalgia by treating providers, including Dr. Vye, Dr. Wernick, and Dr. Quave. ECF No. 15 at 9. The multiple diagnoses cited by Plaintiff are either in the historical diagnostic section of the record (Tr. 388, 390, 392, 393, 395, 397, 400, 410, 412, 414, 415, 419, 422), were diagnoses made after Plaintiff reported a history of fibromyalgia and reported chronic pain (Tr. 399, 401, 403, 404, 417, 421, 423, 425, 530, 532), or were diagnoses made with no evidence that the provider performed testing to establish the criteria set forth in 12-2p (Tr. 535, 536, 540, 544).

Likewise, Plaintiff argues that the record contains multiple tender point tests. ECF No. 15 at 9-10. Social Security Ruling 12-2p is very specific regarding the positive tender points. There must be eleven positive tender points out of the eighteen specific tender point sites, the positive tender points must be found bilaterally and both above and below the waist, and the physician should perform digital palpation with an approximate force of nine pounds. S.S.R. 12-2p. The July 22, 2010, and September 16, 2010, Valley Medical Clinic reports state that Plaintiff "[c]ontinues to have tender points and poor motion," but there were no indications to the number of positive tender points, the location of the tender points, or the method used by the physician. Tr. 307, 311. Therefore, these tests do not meet the criteria set forth in S.S.R. 12-2p. Plaintiff also points to several

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

locations in the record noting tenderness upon palpation, but none of them meet the specific criteria of S.S.R. 12-2p.  ECF No. 15 at 10.  In fact, several of the locations of Plaintiff's tenderness cited in briefing do not correlate to any of the eighteen possible tender point sites as illustrated in the diagram contained in S.S.R. 12-2p.  Therefore, the ALJ's determination that Plaintiff's alleged fibromyalgia is not a medical determinable impairment is supported by substantial evidence and free of error.

### 2.    Piriformis Syndrome

Plaintiff alleges that the ALJ errored when he failed to discuss her alleged piriformis syndrome.  ECF No. 15 at 11-12.  But, piriformis syndrome is not diagnosed in the record.  On March 24, 2011, Plaintiff's physical therapist, Michelle Beardemphl, stated that her symptoms appeared to be the result of an overstretched piriformis, among other impairments.  Tr. 338.  On May 13, 2011, Mary L. Murphy, PA-C, dictated that Plaintiff "has been told she has piriformis syndrome," and listed "Possible left piriformis syndrome" under the diagnosis section of the report.  Tr. 472.  The report was then signed by Ms. Murphy and Bret Quave, M.D.  *Id.*  Here, there is no affirmative diagnosis of piriformis syndrome as a medically determinable impairment made by an acceptable medical source.  Therefore, the ALJ did not error in not addressing piriformis syndrome in his decision.

## C.    Evaluation of Medical Evidence

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion expressed by Ronald Vincent, M.D., Paul Schneider, Ph.D., Michelle Beardemphl, MPT, and Robert Kelley, D.C.  ECF No. 15 at 19-27.

When it comes to opinion evidence, there is a distinction between acceptable medical sources and other sources.  *See* S.S.R. 06-03p.  "Accepted medical sources" include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  20 C.F.R. §

404.1513(a).   "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources.  20 C.F.R. § 404.1513(d).

### 1.   Acceptable Medical Sources

Dr. Vincent is a licensed physician and Dr. Schneider is a licensed psychologist.  Therefore, they qualify as an acceptable medical source.  20 C.F.R. § 404.1513(a).

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn*, 495 F.3d at 631.  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When a physician's opinion is not contradicted, the ALJ may reject the opinion only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a physician's opinion is contradicted, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the first physician.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.2d at 830.  When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the examining physician.  *Id*. at 830-831.

### a.   Ronald Vincent, M.D.

On September 6, 2011, Dr. Vincent reviewed Plaintiff's records and completed an evaluation.  Tr. 371-380.  Dr. Vincent concluded that Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION . . . - 14

"primary problem is that of a disability conviction." Tr. 379. He opined that she was capable of working, "though it would be those that are non-industrial conditions." *Id*. When asked about necessary treatment, Dr. Vincent stated, "[a]ny treatment provided for her at this time would be for her disability conviction which is not related to the injury of record, but a product of her personality and her own response to pain." Tr. 380. The ALJ gave Dr. Vincent's opinion "significant weight" because it was "consistent with the claimant's work history and her lack of notable changes in her physical state compared to before her alleged onset date." Tr. 22.

Plaintiff asserts that Dr. Vincent's opinion should not be given significant weight because the opinion was gathered as part of a Labor and Industry claim. ECF No. 15 at 23. The Ninth Circuit has held that "the purpose for which a medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 830; *Batson*, 359 F.3d at 1196, n.5. Plaintiff also asserts that Dr. Vincent did not review any medical records. ECF No. 15 at 23. However, Dr. Vincent's evaluation shows that he reviewed records from 2007 up to the date of the evaluation and some of the records he reviewed while Plaintiff was present. Tr. 371-375. Plaintiff alludes to the argument that Dr. Vincent was only an examining physician and Plaintiff's treating providers should have been given greater weight. ECF No. 15 at 23. But in her briefing Plaintiff only argues two of her treating providers should be given greater weight, Ms. Beardemphl and Dr. Kelley, and the ALJ provided legally sufficient reasons for rejecting their opinions. *See infra*.

Therefore, the ALJ did not error in giving significant weight to the opinion of Dr. Vincent.

### b. Paul Schneider, Ph.D.

On May 21, 2012, Dr. Schneider completed a psychological evaluation. Tr. 546-551. He diagnosed Plaintiff with a pain disorder associated with both

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

psychological factors and general medical condition, alcohol dependence in substantial full sustained remission, psychological factors affecting general medical condition, adjustment disorder with mixed anxiety and depressed mood, and sleep disorder, insomnia, related to pain and perhaps schedule and anxiety.  Tr. 549.  Dr. Schneider provided the following conclusions:

> [A]t sometime in the future she might want to follow up with the Division of Vocational Rehabilitation to try to get back into the work force to some degree.  Her work has been very important to her, and I think it is going to be helpful if we can get her at least something somewhere down the road.
>
> From a Social Security disability issue, it is my impression that Diana is not capable of gainful full-time employment in any capacity.  Even though she can have good days and be functional here and there for a little bit, the highly erratic nature of her symptoms, the severe and persistent chronic pain, and the huge flare-ups that make her pretty much dysfunctional for up to a month at a time really interfere with anything that I can think of in that employment sector.

Tr. 550.

The ALJ gave "minimal weight to this somewhat inconsistent opinion," because Dr. Schneider based his opinion on Plaintiff's self-reported symptoms and limitations and his evaluation findings were inconsistent with his opinion.  Tr. 23.

A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti*, 533 F.3d at 1041.  But the doctor must provide the basis for his conclusion that the opinion was based on a claimant's self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Here, the ALJ stated that Dr. Schneider's evaluation noted Plaintiff displayed average intelligence, fair insight, and no evidence of thought disorder, which was inconsistent with his conclusion of cognitive disorders.  Tr. 24.  When a medical source opinion mirrors a claimant's subjective reports yet the evaluation

shows normal objective findings, a reasonable conclusion is that the provider gave more credence to the subjective statements than the objective findings. Even if the ALJ did not recite "I find Dr. Schneider's opinion to be based on Plaintiff's self-reports because . . ." the Court is not deprived of its faculties for drawing inferences from the ALJ's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Furthermore, internal inconsistencies in the evaluating physician's report is, in itself, a legally sufficient reason to reject a physician's opinion. *Bayliss*, 427 F.3d at 1216. Therefore, the ALJ did not error in rejecting Dr. Schneider's opinion.

### 2.    Other Sources

Ms. Beardemphl is a physical therapist. Tr. 329; ECF No. 15 at 20. Dr. Kelley is a chiropractor. Tr. 508; ECF No. 15 at 23. Therefore, they are considered "other sources." 20 C.F.R. § 404.1513(d).

While the ALJ is required to consider observations by "other sources" regarding how an impairment affects a claimant's ability to work, *Id.*, the ALJ can disregard opinion evidence from an "other source," by setting forth reasons "that are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

### a.    Michelle Beardemphl, MPT

Plaintiff asserts that Ms. Beardemphl opined that Plaintiff was unable to sit and the ALJ erred by not addressing this opinion in his decision. ECF No. 15 at 20-22. But, Ms. Beardemphl did not offer an opinion as to Plaintiff's functional abilities. At Plaintiff's first appointment with Ms. Beardemphl on March 24, 2011, Plaintiff reported the following:

> She is employed as a medical transcriptionist and states she does have difficulty sitting or maintaining any position for long period of time secondary to her pain. She reports left sided low back, buttock, and lateral hip pain that is constant and reports there is occasional numbness and tingling radiating down the left lower extremity to the toes. She

1
2

> reports her pain is aggravated with sitting, standing, and lying down
> and reports there is really no position where she feels comfortable.

3
4

Tr. 338-339.  Then following Plaintiff's final appointment on August 8, 2011, Ms. Beardemphl stated the following:

5
6
7
8
9

> Diana has been quite faithful with her exercises at home and we have
> seen good improvements in core strength and as I said before, improved
> function however she works as a medical transcriptionist and has been
> unable to work secondary to her limitation with sitting and it does seem
> that her progress has plateaued over the last several weeks.

10
11
12
13

Tr. 329-330.  Plaintiff asserts that this August 8, 2011, statement constitutes an opinion by Ms. Beardemphl that Plaintiff is unable to perform sedentary work. ECF No. 15 at 20-21.  But it is simply a reproduction of Plaintiff's March 24, 2011, statements and a summary of Plaintiff's progress.

14
15
16
17

The Court acknowledges that the ALJ is required to discuss Ms. Beardemphl's observations regarding Plaintiff's symptoms under *Nguyen*.  The ALJ met this requirement when he considered the results of Plaintiff's straight leg raising tests performed by Ms. Beardemphl.  Tr. 18.

18
19

Therefore, the ALJ did not error when he did not discuss Ms. Beardemphl's August 8, 2011, statement because it did not qualify as opinion evidence.

20

**b.    Robert Kelley, D.C.**

21
22

Plaintiff challenges the weight given to the opinion of her chiropractor, Dr. Kelley.  ECF No. 15 at 23-24.

23
24
25
26
27
28

On October 14, 2011, Dr. Kelley wrote a letter stating that Plaintiff had been working on "'return to work' goals," but that Plaintiff had been unable to complete a two-week "limited work" trial due to symptom exacerbation.  Tr. 508.  Dr. Kelley continued, "[a]s it stands, she has progressed to within the intermediate phase of needing to be strengthened by the activities of work, yet not fully capable of performing all work activities without risking the potential of exacerbating her

condition." *Id.*

The ALJ gave "minimal weight to this confusing statement," because it did not clearly define Plaintiff's functional limitations, it did not preclude the prospect of Plaintiff being able to maintain full time work, and it did not explain how Plaintiff's intermittent symptoms compromised her residual functional capacity. Tr. 23. All of these reasons are germane to Dr. Kelley and his opinion. Therefore, the ALJ provided legally sufficient reasons for rejecting Dr. Kelley's opinion.

In conclusion, the ALJ provided legally sufficient reasons for the weight he gave to the opinions of Plaintiff's acceptable medical sources and Plaintiff's the other sources.

**D.    Past Relevant Work**

Plaintiff challenges the ALJ's finding that Plaintiff's past relevant work included the occupation of medical receptionist. ECF No. 15 at 5-7.

Past relevant work is defined as "work that you have done in the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). "We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies." 20 C.F.R. § 404.1565(a). The ALJ's decision was made on October 23, 2013. Tr. 11-26. Therefore, under 20 C.F.R. § 404.1565(a), any work performed prior to October 23, 1998, should not be considered past relevant work.

On a Disability Report – Adult dated December 6, 2011, Plaintiff, through her attorney, alleged her job as a medical receptionist ended in 1999. Tr. 192, 194. In a Work History Report, Plaintiff did not include any job as a medical receptionist. Tr. 209-211. She only discussed her jobs as a medical transcriptionist from 2001 to April 2011. *Id.* A review of Plaintiff's Certified Earnings Record revealed that Plaintiff worked at Medical Associates of Yakima from 1996 to 1998 and Yakima Neighborhood Health Services from 1998 to 2001.

Tr. 165-166.  Therefore, Plaintiff worked in two locations in 1998: Yakima Neighborhood Health Services and Medical Associates of Yakima.  *Id*.  At the hearing, Plaintiff testified that she had only worked as a medical transcriptionist since 1998.  Tr. 43.

At the hearing, the ALJ asked that vocational expert if he had the opportunity to review the vocational portion of Plaintiff's file to familiarize himself with her past relevant work, and the vocational expert responded in the affirmative.  Tr. 60.  The vocational expert then classified Plaintiff's past relevant work as medical receptionist as set forth in exhibit 4E[3] from 1987 to 1999 and medical transcription from 1999 to 2011.  *Id*.

Plaintiff asserts that the Certified Earnings Report and Plaintiff's testimony shows that the medical receptionist job ended sometime in 1998.  She argues that the earnings from Medical Associates of Yakima ending in 1998 and the earnings from Yakima Neighborhood Health Services beginning in 1998 supports this assertion.  ECF No. 15 at 5-6.  Therefore, her past work as a medical receptionist would not be considered past relevant work.  *Id*.

Plaintiff's Certified Earnings Record states only employers and earnings and does not provide any information as to Plaintiff's job duties.  The only information in the record about what jobs were performed at varying places of employment is that provided by Plaintiff through her Disability Report- Adult form, her Work History Report form, and her testimony.  Considering the Disability Report-Adult form states the work as a medical receptionist ended 1999, the Work History Report form lacks any mention of a medical receptionist job, and Plaintiff's testimony put the medical receptionist job ending prior in 1998, the record is ambiguous.  The ALJ is responsible for resolving ambiguities and the Court will

_____

[3]Exhibit 4E is The Disability Report – Adult form completed by Plaintiff's attorney.  Tr. 191-204.

ORDER GRANTING DEFENDANT'S MOTION . . . - 20

1   uphold the ALJ's decision where the evidence is susceptible to more than one

2   rational interpretation. *Andrews*, 53 F.3d at 1039; *Tackett*, 180 F.3d at 1097.

3   Because the record supports both conclusions, the Court will uphold the ALJ's

4   determination.  The ALJ did not error in his past relevant work determination.

5   **E.    Transferable Skills**

6          Plaintiff challenges the ALJ's determination of transferable skills in this

7   case.  ECF No. 15 at 6-7.

8          The Ninth Circuit has held that an ALJ commits reversible error by

9   determining that a plaintiff has acquired transferable work skills from past

10  employers without expressly setting out the acquired skills.  *Bray*, 554 F.3d at

11  1223-1225.  Specifically, the court reasoned that "[w]hen a finding is made that a

12  claimant has transferable skills, the acquired work skills must be identified, and

13  specific occupations to which the acquired work skills are transferable must be

14  cited in the . . . ALJ's decision . . . . It is important that these findings be made at

15  all levels of adjudication to clearly establish the basis for the determination or

16  decision for the claimant and for a reviewing body including a Federal district

17  court." *Id*. at 1223 (quoting S.S.R. 82–41).  The *Bray* court also explained that,

18  even where the ALJ relies on vocational expert testimony in determining that a

19  claimant has transferable skills from past work, the ALJ is still required to

20  expressly identify in the decision what work skills are transferable and to what

21  specific occupations those acquired skills apply.  See *id*. at 1225.

22         Here, the ALJ found that plaintiff's work as a medical transcriptionist was

23  semi-skilled and contained "all the necessary skills for the claimant to transfer to

24  work as a data entry clerk."  Tr. 25.  The ALJ did not identify Plaintiff's work

25  skills or make any findings supporting the transferability of Plaintiff's skills.  As

26  such, the ALJ's determination regarding Plaintiff's transferability of skills is in

27  error, but the error is harmless in light of the valid step four determination.

28  *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the

record that the . . . error was inconsequential to the ultimate nondisability determination").

Plaintiff asserts that she does not maintain the functional ability to perform semi-skilled work, therefore the skills acquired as a medical transcriptionist should not transfer. ECF No. 15 at 6-7. Essentially, Plaintiff is challenging the residual functional capacity assessment in this case. But, the ALJ's determinations regarding credibility and the weight granted to medical source opinions has been deemed proper, therefore, the residual functional capacity assessment is without error and Plaintiff's argument is without merit.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 15,** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED May 3, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE